IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEXANDER ACOSTA,

    Plaintiff,

       v.

BRINKER GEORGIA, INC., d/b/a
Chili's Grill & Bar, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-3362-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendant Trevor Williams's Motion to Dismiss [Doc. 5] and the Plaintiff's Motion to Remand [Doc. 13]. For the reasons set forth below, the Defendant Williams's Motion to Dismiss [Doc. 5] is DENIED, and the Plaintiff's Motion to Remand is [Doc. 13] is GRANTED.

## I.   Background[1]

This case arises from the alleged injuries that the Plaintiff Alexander Acosta sustained when he visited the Defendant Brinker Georgia, Inc.'s Chili's Grill & Bar in Morrow, Georgia, on July 10, 2021. (Compl. ¶ 8). He claims that he slipped and fell on a liquid on the floor of the restaurant, sustaining injuries. (*Id.* ¶¶ 8, 14). He also claims that the Defendant Trevor Williams, the Chili's

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

general manager, failed to properly inspect, clean, and maintain the floor where he slipped and fell. (*Id.* ¶ 16; Acosta Aff., Doc. 12-1, at 3). The Plaintiff alleges that all Defendants operated, managed, and controlled the restaurant premises and therefore breached a duty of care that caused his injuries. (Compl. ¶¶ 9, 11–14). The Plaintiff originally filed this suit in Gwinnett County State Court on June 28, 2023, and the Defendants removed the case to this Court on July 28, 2023. The Defendant Williams now moves to dismiss the claims against him, and the Plaintiff moves to remand the case to state court.

## II.  Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is

2

required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and the Congress of the United States have authorized them to hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Where no federal question exists, diversity jurisdiction can be invoked when there is complete diversity among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. 1332(a).

### III.   Discussion

The Defendant Williams contends that the Plaintiff fraudulently joined him as a party to the case to defeat this Court's subject matter jurisdiction. (Br. in Supp. of Def.'s Mot. to Dismiss, at 1). He argues that because the

3

Plaintiff has not alleged any basis to recover from him individually, the claims against him should be dismissed, which would create complete diversity between the remaining parties. (*Id.* at 2). The Plaintiff attaches an affidavit to his response brief, claiming that Williams was the general manager on duty at the Chili's on the day of his alleged injuries and arguing that Williams may be held individually liable by the Court as the restaurant's general manager. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 1–2). For those reasons, he claims that dismissal of Williams as a Defendant is improper and that the case should be remanded for lack of complete diversity. (*Id.* at 2).

Eleventh Circuit precedent makes clear that "removal statutes should be construed narrowly, with doubts resolved against removal." *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003). When claiming fraudulent joinder in a removal case, the defendant has the heavy burden of proving either (1) that the plaintiff cannot establish a viable cause of action against the resident defendant; (2) that the plaintiff fraudulently pleaded jurisdictional facts to bring the resident defendant into state court; or (3) that the plaintiff joined a resident defendant with a non-resident one "as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The Defendant seeks remand under the first and third prongs of the fraudulent

4

joinder inquiry. (Br. in Supp. of Def.'s Mot. to Dismiss, at 3).

> To determine whether the case should be remanded, the district
> court must evaluate the factual allegations in the light most
> favorable to the plaintiff and must resolve any uncertainties
> about state substantive law in favor of the plaintiff. The federal
> court makes these determinations based on the plaintiff's
> pleadings at the time of removal; but the court may consider
> affidavits and deposition transcripts submitted by the parties.

*Crowe*, 113 F.3d at 1538 (11th Cir. 1997). The third prong of the fraudulent

joinder test is inapplicable here where the Plaintiff's claims against the

Defendants arise from the same alleged injury. But the Court considers

whether the Plaintiff fraudulently joined Williams under the first prong.

Under Georgia law, an "owner or occupier of land" may be subject to

liability for injuries to individuals caused by the owner or occupier's failure to

exercise ordinary care in keeping the premises safe. O.C.G.A. § 51-3-1. "To

determine whether a person was an owner or occupier subject to liability under

O.C.G.A. § 51-3-1, the critical question is whether the individual exercised

sufficient control over the subject premises at the time of injury to justify the

imposition of liability." *Poll v. Deli Mgmt., Inc.*, 2007 WL 2460769, at *4 (N.D.

Ga. Aug. 24, 2007).

> Some cases [in this jurisdiction] have suggested that the "control"
> required for premises liability is restricted to *legal* control over
> the property in the form of an ownership or other possessory
> interest. Nevertheless, it appears that the weight of the Georgia
> cases recognizes that liability under O.C.G.A. § 51-3-1 may also
> be established where the individual had *supervisory* control over
> the subject premises at the time of injury. In this respect, certain
> cases have extended liability under O.C.G.A. § 51-3-1 to managers
> charged with maintenance duties, other maintenance

contractors, and security personnel.

*Id.* (citations omitted). The issue here is whether the Plaintiff has plausibly pleaded that Williams, as the general manager of the Chili's where the Plaintiff sustained his alleged injuries, exercised sufficient supervisory control over the restaurant that might subject him to owner or occupier liability under O.C.G.A. § 51-3-1. The Court concludes that he has.

Though the Complaint's only specific allegation pertaining to Williams is that he "failed to properly inspect, clean, or maintain the floor where Plaintiff slipped and fell," (Compl. ¶ 16), the Plaintiff also alleges that all the Defendants, including Williams, "operated, managed and/or controlled" the restaurant's premises at the time of the incident (*Id.* ¶ 9). Construing the Complaint's allegations in the light most favorable to the Plaintiff and considering the Plaintiff's affidavit establishing that Defendant Williams was the general manager of the Chili's where the Plaintiff allegedly sustained his injuries, the Court concludes that the Plaintiff states a plausible claim for relief against Williams under O.C.G.A. § 51-3-1. As the general manager on duty on the day the Plaintiff allegedly sustained his injuries, Williams undoubtedly maintained at least some kind of supervisory control over the restaurant. Such plausible supervisory control precludes the Court from concluding that the Plaintiff fails to plead a viable cause of action against the Defendant Williams. Because the Plaintiff states a plausible claim against Williams, his joinder to the lawsuit was not fraudulent, and the Court lacks subject matter jurisdiction

due to the absence of complete diversity between the parties. *See Crowe*, 113 F.3d at 1538. Absent complete diversity, the Court must remand the case to state court.

The Court acknowledges that some courts have precluded claims under O.C.G.A. § 51-3-1 against certain mid-level managerial employees. *See, e.g.*, *Smith v. Walmart Stores E., LP Del.*, 2019 WL 13240621, at * 6–8 (N.D. Ga. Oct. 30, 2019) (finding no plausible claim against a joined Wal-Mart assistant store manager-defendant, in part, because the assistant manager was supervised by a superior general manager). But the Plaintiff in this case brings his claim against a general manager, not an assistant manager. And, in any event, the Court here is bound to "resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Accordingly, the Court concludes that the Plaintiff states a plausible claim against the Defendant Williams.

## IV.   Conclusion

For the reasons set forth above, the Defendant Williams' Motion to Dismiss [Doc. 5] is DENIED, and the Plaintiff's Motion to Remand is [Doc. 13] is GRANTED. The Clerk is DIRECTED to remand this case to the Gwinnett County State Court.

SO ORDERED, this ___20th___ day of November, 2023.

THOMAS W. THRASH, JR.
United States District Judge